JUSTICE WEBER
dissents as follows:
As pointed out in the majority opinion, plaintiff moved the court to order, by summary judgment, that § 61-9-409, MCA, established a standard of care applicable to defendants, and that its violation was negligence as a matter of law. The District Court denied the defendants’ motion for a judgment on the pleadings and granted the plaintiffs’ motion for summary judgment.
The majority opinion states that for the purposes of this appeal, “the allegations in plaintiffs’ complaint are assumed to be true.” The majority then sets forth extensive facts from the plaintiffs’ complaint with regard to the various aspects, pointing out that Rusty Gerke had taken the seat belt from the driver’s side of his father’s vehicle and used it to permanently fasten a stereo speaker behind the seat, and for that reason, even though plaintiff normally used a seat belt, he was prevented from doing so. In addition the various facts alleged with regard to the accident and the manner of injury are all set forth.
Procedurally the foregoing was incorrect. The essential allegations in the plaintiffs’ amended complaint which set forth the facts forming *76 the basis for the opinion are denied by the answer of the defendants. There are no other pleadings, depositions, answers to interrogatories or admissions on file, or affidavits to prove the material facts upon which summary judgment could be based. I therefore conclude there is a total absence of proof of material facts essential to the making of the decision by the District Court on summary judgment. I conclude that under Rule 56(c), M.R.Civ.R, and the cases interpreting the same, there is no established factual basis upon which a summary judgment of law may be rendered. The majority has rendered an advisory opinion on a significant issue of law without any established factual basis. I therefore dissent.
I will now discuss the majority holding. The majority concludes that § 61-9-409, MCA, establishes a statutory duty to maintain seat belts, and quotes that section as follows:
61-9-409. Seatbelts required in new vehicles. It is unlawful for any person to buy, sell, lease, trade, or transfer from or to Montana residents at retail an automobile which is manufactured or assembled commencing with the 1966 models unless such vehicle is equipped with safety belts installed for use in the left front and right front seats thereof, and no such vehicle shall be operated in this state unless such belts remain installed.
I have left the emphasis as inserted in the majority opinion. The foregoing statute must also be compared with § 61-13-103, MCA, which provides in pertinent part:
61-13-103. Seatbelt use required — exceptions. (1) No driver may operate a motor vehicle upon a highway of the state of Montana unless each occupant of a designated seating position is wearing a properly adjusted and fastened seatbelt. ... (Emphasis added.)
We must also consider § 61-13-106, MCA, which in pertinent part provides:
61-13-106. Evidence not admissible. Evidence of compliance or failure to comply with 61-13-103 is not admissible in any civil action for personal injury or property damage resulting from the use or operation of a motor vehicle, and failure to comply with 61-13-103 does not constitute negligence. (Emphasis added.)
The majority opinion holds that neither Kopischke nor the Montana Seatbelt Use Act, § 61-13-101 through -106, MCA, preclude evidence that in this case Ryan Johnson did not have a seat belt on at the time of his accident because the seat belt had been rendered *77 inoperable and was unavailable for his use. That holding is not appropriate when all three statutes are considered.
When referring to the three quoted sections, I will use the last three numbers only. Section 103 provides that no driver may “operate a motor vehicle” unless each occupant, which includes the driver, is wearing a properly adjusted and fastened seat belt. Clearly that section required Ryan Johnson to wear a seat belt. However, under the express provisions of § 106, evidence of Ryan Johnson’s failure to comply with § 103 “is not admissible in any civil action for personal injury... resulting from the use or operation of a motor vehicle.” As a result, § 106 expressly prohibits proof that Johnson was not wearing a properly adjusted and fastened seat belt.
Having reached the foregoing conclusion, we next consider the majority analysis of § 409. The majority concludes that § 409 “prohibits owners of vehicles from operating the vehicle unless the belt remains installed.” As above quoted, § 409 provides that no vehicle shall be “operated in this state unless such belts remain installed.” No reference is made to ownership. The only specific reference is to the operation of the vehicle.
The majority then takes the additional step to add the word “owners” to operators and affirms the conclusion of the District Court which held:
It is the opinion of the court that it would not be necessary that seatbelts be cut out or unbolted and physically removed in order to constitute a violation of the foregoing statute. The phrase “unless such belts remain installed” of necessity means “and reasonably available for use.”
The majority then concludes that § 409 prohibited the defendants from rendering the seat belts inoperable and unavailable for use, and such breach of duty constituted negligence as a matter of law.
I suggest the majority has not considered the full impact of § 409. That section provides that no such vehicle shall be operated unless the belts remained installed. Clearly that restriction applies to the operator. As a result, if there is a duty which applies to the owner, even more clearly there is a duty which must be applied to the operator, Ryan Johnson. If it is correct that § 409 prohibited the owners from rendering the seat belts inoperable and that breach of duty constituted negligence as a matter of law — then the same rule must apply to the operator who is expressly designated in the statute — the holding requires that Ryan Johnson’s operation of the vehicle with seat belts inoperable constituted a breach of his duty as an *78 operator under § 409 and constituted negligence as a matter of law on the part of Ryan Johnson. At that point, the logic of the majority opinion requires a conclusion that Ryan Johnson’s actions constituted negligence as a matter of law and Gerkes’ actions also constituted negligence as a matter of law.
The dilemma then presented is that § 106 states that evidence of compliance or failure to comply with wearing the seat belt is not admissible in any civil action. I suggest this section properly should be held applicable to both the owners and operators of motor vehicles. That seems consistent with the intent of the legislature which has established duties regarding seat belts but nonetheless has refused to allow failure to use seat belts as proof of negligence. I would hold that § 106 bars proof of the usage and non-usage of seat belts as to both operators and owners.
I would therefore reverse the holding of the District Court.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY concur in the foregoing dissent.